UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-50097 & 01-50098
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESUS MEJIA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas
(SA-00-CR-228-1-HG)
_____

October 29, 2001

Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

The issues raised by appellant Mejia, who pleaded guilty to drug offenses, are the validity of the waiver of appeal in his plea agreement and the application of the career-offender provision of the sentencing guidelines.  U.S.S.G. § 4A1.2, comment (n.3). Finding no error by the district court, we affirm.

_____

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

First, this case is virtually indistinguishable from United States v. Robinson, 187 F.3d 516 (5th Cir. 1999), in regard to the validity of Mejia's waiver of appeal. As a result, the waiver will not be enforced.

Second, although Mejia asserts that his two prior convictions for delivery of cocaine to an undercover officer were part of a "common scheme or plan", and thus related offenses that could not be separated for purposes of determining career offender status, we find the district court's contrary conclusion more in accord with Fifth Circuit precedent. In two previous cases, this court held that multiple drug sales, spread over periods ranging from a few hours to nine days, some involving the same undercover law officers, were nevertheless not part of a "common scheme or plan" under § 4A1.2. See United States v. Garcia, 962 F.2d 479, 481-82 (5th Cir. 1992). United States v. Ford, 996 F.2d 83, 85-86 (5th Cir. 1993). As the court noted in Ford, where each sale was separated by hours, if not days, "The fact that the buyer was the same did not make the sales 'related' any more than if Ford made four separate trips to the same H.E.B. in one week to buy groceries. . ." Id. at 86.

Our decision in Robinson, supra, on which Mejia relies, held that two drug sales were part of a common scheme or plan where the defendant "planned" the commission of the second sale while committing the first crime, the second offense was "not a spur of the moment occurrence," and the second offense "necessarily

2

entailed the commission of the first offense". <u>Robinson</u> carefully distinguishes <u>Garcia</u> and <u>Ford</u>. Here, no such distinction is possible. There is no evidence that Mejia gave his phone number to the agent during the first sale in order to set up a later sale. Instead, Mejia was hoping to be called for legitimate landscaping employment. And the second sale was accomplished in a different manner than the first. Were we to accept Mejia's argument, <u>Robinson</u> would virtually and impermissibly overrule <u>Garcia</u> and <u>Ford</u>. But as <u>Ford</u> says, "there was no common scheme or plan -- simply convenience and experience." 996 F.2d at 82.

The sentence imposed by the district court is <u>AFFIRMED</u>.